

RECEIVED
OCT 31 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

Robert S. Reynolds,

      Plaintiff,

v.

DOUGLAS A. MIDDLETON,
    SERVE: Douglas A. Middleton, Chief of
           County of Henrico Division of Police
           7721 East Parham Rd.
           Henrico, Virginia 23228,
      Defendant.

Civil Action

Case No. __3:12CV779__

## COMPLAINT

**COMES NOW** the plaintiff, Robert S. Reynolds ("Reynolds"), *pro se*, and for his cause of action states:

1. Reynolds invokes the Court's jurisdiction pursuant to the provisions of 42 U.S.C. 1983, 28 U.S.C. 1331, 28 U.S.C. 2201 and 2202, and 28 U.S.C. 1631. Reynolds challenges the constitutionality of Henrico County Ordinance 22-195 (October 23, 2012), prohibiting panhandling in the roadways as violating the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Federal Constitution. At all times herein mentioned defendant, Douglas A. Middleton ("Middleton") is acting under color of the laws of the State of Virginia.

## STATEMENT OF FACTS

1. On October 23, 2012, the Henrico Board of Supervisors by a majority vote amended Henrico County Ordinance 22-1959 (August 12, 2008). The purpose of the Ordinance change was to put a stop to persons sitting in the median strips—primarily in western Henrico—and seeking contributions. *The 2008 Ordinance and the 2012 amendments are attached hereto as Plaintiff's Exhibit "A."* Under the 2008 Ordinance persons could avoid prosecution simply by not "standing" but sitting in the median while they sought contributions. The Ordinance change was to satisfy complaints about the presence of bums looking them in the face as they were stopped in traffic in a public place.

2. At the public hearing on the amendment on October 23, 2012, Middleton asserted a public safety issue primarily for the persons seeking contributions. Middleton also asserted that persons seeking contributions were distracting drivers. The Henrico County Attorney, Joseph P. Rapisarda, Jr., admitted to the Board during the public hearing that persons had a First Amendment right to seek contributions. Reynolds at the public hearing asserted to the Board that striking the "standing" provision from the Ordinance would prohibit drivers from having advertising on work vehicles for the sale of goods, offering services, or from groups seeking charitable contributions of any kind to include the Salvation Army and churches. The County Attorney disagreed with Reynolds' interpretation.

3. Reynolds is a resident of Henrico County who receives no public assistance money and no food stamps. Reynolds was chronically homeless from about 2000 until about January 2010. In February 2011, Reynolds entered into a lease agreement for a room located at 3013 Pinehurst Road, in Henrico County. Reynolds has been paying his rent and purchasing food during this period almost solely from seeking contributions while sitting in the median strip in roadways throughout Henrico County. Indeed, Reynolds would not have entered into the lease agreement for a room if he could not legally have solicited contributions while sitting.

4. Reynolds is a 56 year old male with high blood pressure and significant lung problems that likely amounts to emphysema. Reynolds has five felony convictions and is prohibited from driving until he pays the State about $2,000.00. Reynolds has a G.E.D. and finished three classes in 1985, in the paralegal program at J. S. Reynolds Community College.

5. Significant numbers of persons are injured and killed in Henrico County, while being passengers or drivers of motor vehicles, motorcycles, mopeds, and bicycles. The State of Virginia and the County of Henrico is tolerant of the threat to public safety imposed by such conduct in the roadways which is not part of the exercise of any Federal or State Constitutional right, but is a mere privilege. To the best of Reynolds' knowledge and belief the County of Henrico does not maintain any crosswalks for pedestrians when there exists many poor persons without vehicles that are regularly crossing busy roads and highways. This threat to public

safety is likewise tolerated or ignored for economic reasons. It is lawful in the County of Henrico for pedestrians to walk down the curb of roadways, or the edge of the road itself in exercise of their constitutional right to travel.

6. It is still lawful in the County of Henrico to exercise First Amendment rights in the action of protesting governmental action while being in the median strip. The median strip is a public forum.

7. The County of Henrico Ordinance does not provide a reasonable alternative to the exercise of Reynolds' First Amendment right to seek contributions, because forcing him out of the roadway results in the drivers inability to hand him money, because they cannot reach across the passenger seat and usually several more feet to Reynolds' hand. Further, Henrico has many right-hand lanes that need no stop but turn into a perpendicular lane, or the traffic is moving because of right turn on red after stop. There is insufficient time for people to decide whether they want to make a contribution. The ordinance is a content based regulation of First Amendment rights because the County wants the bums gone, and they know they will not get enough money on the side of the roadway to stay. There is a presumption that the Ordinance is content based against First Amendment rights because Middleton has arranged a local cab company to transport bums up to ten miles, and otherwise out of the County and into the City of Richmond. There is a presumption that the Ordinance is a content based

ban of Reynolds First Amendment right to seek contributions, because the Ordinance itself bans solicitation yet permits other forms of speech protesting government action.

8. Middleton is Chief of the County of Henrico Division of Police and is responsible for the overall supervision of the police officers under his command, and the execution of the Ordinance in Henrico, and issue summons or arrest violators thereof.

9. Reynolds fears he will be arrested if he continues to exercise his First Amendment right to seek contributions.

## COUNT 1

10. That County Ordinance 22-195 (October 23, 2012), violates Reynolds' First Amendment right and due process under the Federal Constitution to associate with others and seek contributions.

11. The Ordinance is not content neutral in the regulation of First Amendment rights and the exercise of the police power, and is designed to stop the exercise of such rights. That Middleton's assertion to the Board of Supervisors that the Ordinance Amendment banning seeking contributions in the median for public safety reasons is a ruse designed to get rid of bums in the County of Henrico. In the alternative, the Ordinance does not provide a reasonable alternative to enable Reynolds to collect sufficient funds to survive, making his rights a *dead letter.*

## COUNT 2

12. That the Ordinance is arbitrary, capricious, and an abuse of discretion (because such exercise of the police power for public safety is irrational and unreasonable), without any consideration to weighing other conduct (e.g., operating motor vehicles, motorcycles, mopeds, bicycles), which is permitted as a mere privilege in the roadway *and is more dangerous*, but is tolerated without regard to public safety, in violation of the Due Process Clause of the Fourteenth Amendment to the Federal Constitution.

13. Reynolds' right under the First Amendment to seek contributions in the median strip as a matter of fundamental fairness and good reason should be paramount to the consideration of persons merely exercising a privilege to be in the roadway. As a matter of law pedestrians have the right-of-way in the roadways of Virginia, giving rise to a stronger right for Reynolds to be in the median strip to seek contributions.

## COUNT 3

14. That the Ordinance violates the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution, because it unjustifiably discriminates against Reynolds who is attempting to exercise a First Amendment right to seek contributions in the median strip, when considered against the State of Virginia and the County of

Henrico in concert permitting persons armed with only a privilege to be in the roadway while operating a motor vehicle, motorcycle, moped, or bicycle, or to exercise First Amendment rights to protest against the government in the median strip. While government authorities permit persons to participate in activities that are dangerous and violate public safety, they unreasonably invoke the issue of public safety to curtail constitutionally protected activities and rid the community of the very poor by the Ordinance. The use of public safety to sustain the Ordinance is a ruse, because it achieves no legitimate governmental purpose when viewed against other activities permitted in the roadways. It is arbitrary and unreasonable to permit the police power to invoke public safety to regulate and limit constitutionally protected activities when the use of public safety is not consistently imposed on all activities especially mere privileged conduct. It is particularly unreasonable for persons to be permitted in the median to protest government action, but not to solicit contributions. Further, the discriminatory use of the police power is irrelevant to achieve governmental objectives in view of other dangerous activities being permitted in the roadway.

The Ordinance is a reckless use of the police power.

15. The Ordinance is also unjustifiably discriminatory in its execution because the plain language of the Ordinance prohibits drivers of motor vehicles to advertise on work vehicles to

attempt to sell goods or services, or seek contributions—clearly intended for other drivers and their passengers—yet the County Attorney and Middleton will not follow the plain language of the Ordinance, and are arbitrarily and unreasonably selectively enforcing the Ordinance against Reynolds. The County of Henrico is permitting roving billboards clearly designed to distract drivers. Selective enforcement against Reynolds, limiting his First Amendment rights but not others, is unreasonable and creates a presumption that the Ordinance is irrational and is not a *bona fide* use of the police power to achieve legitimate governmental objectives.

## COUNT 4

16. The Ordinance unreasonably interfers with Reynolds' contractual obligation to pay rent to keep from being homeless, in violation of the Obligation to Contract Clause of Article 1, Section 10 of the Federal Constitution. Reynolds is obligated by a lease agreement entered into on February 23, 2011, to pay $385.00 per month for a room in Henrico County.

17. The Board of Supervisors of the County of Henrico is a legislative body authorized by State law to enact the self-executing Ordinance. Middleton and the Board of Supervisiors reasonably knew that at least some of the persons such as Reynolds were soliciting contributions to pay their contractual obligations under rental agreements.

18. While the rational for the Ordinance was crouched on public safety, the principle purpose was to rid the County of bums which people were tired of seeing.

The Ordinance was designed to keep persons such as Reynolds from obtaining monetary contributions and hopefully go away. There is a presumption that the County of Henrico does not want poor persons such as Reynolds to enter into rental agreements for mere rooms, because they do not permit investors and contractors to build low-income housing for single persons of 100 to 150 square feet.

**WHEREFORE,** Reynolds prays for judgment against the defendant; a declaratory Judgment that Ordinance 22-195 (October 23, 2012) is unconstitutional and violates the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment; an injunction enjoining the defendant and prohibiting him from enforcing the Ordinance consistent with the declaratory judgment; for such further relief as may be necessary and proper; costs; and attorneys fees or fees for self-representation under a quantum meruit.

Respectfully submitted,

Robert S. Reynolds
3013 Pinehurst Rd.
Henrico, Virginia 23228
(804) 868-5664

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that the statements contained in the above and Foreging Complaint are true and correct to the best of my knowledge and belief.

Date: October 31, 2012        By: _____
                                  Robert S. Reynolds

-10-